COMMONWEALTH *vs.* CHRISTOPHER W. MUSTONE
(and three companion cases).

Middlesex.    December 4, 1967. — January 4, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, SPIEGEL, &
REARDON, JJ.

*Evidence,* Previous testimony of unavailable witness, Privilege.   *Constitutional Law,* Confrontation of witnesses.   *Practice, Criminal,* Probable cause hearing.

In a criminal case against one bound over to the grand jury and indicted after a probable cause hearing in a District Court, where it appeared that at the probable cause hearing the defendant was represented by counsel who had full opportunity to cross-examine, that the testimony of a material witness was taken completely by a stenographer, and that such witness died before the trial of the indictment in the Superior Court, his testimony at the probable cause hearing would be admissible at that trial without violation of the defendant's constitutional right of confrontation. [492]

At the trial of an indictment returned after there had been a probable cause hearing in a District Court and the defendant had been bound over to the grand jury, admission in evidence of stenographically recorded testimony at the probable cause hearing of a material witness who had died after that hearing was not precluded by anything in G. L. c. 218, § 30, or by the fact that the stenographer at that hearing had not been sworn, nor was the transcript of such testimony privileged "work product" of the defendant's counsel although such counsel had retained the stenographer. [493–494]

FOUR INDICTMENTS found and returned in the Superior Court on December 9, 1964.

Questions of law were reported by *Ponte, J.*

*Monroe L. Inker* for the defendant Mustone.

*Robert J. Glass*, Assistant District Attorney (*Ruth I. Abrams*, Assistant District Attorney, with him), for the Commonwealth.

CUTTER, J. The defendants (Mustone and one Giorgio) are each charged in two indictments with kidnapping (G. L. c. 265, § 26) and armed robbery (c. 265, § 17). The cases have been reported for the determination of certain questions of law (see c. 278, § 30A) by a Superior Court judge upon a statement of facts, assented to by the district attorney and by counsel for each defendant.

William Fergnani was allegedly robbed and kidnapped on October 30, 1964, at his place of business in Tyngsborough. He was taken by his captors to a gravel pit where he was left. The defendants were arrested on November 9, 1964.

A hearing on the issue of probable cause was held in the District Court of Lowell on November 16, 1964. Each defendant there was represented by an experienced attorney. Fergnani was sworn. He was questioned by an assistant district attorney. Counsel for each defendant cross-examined Fergnani at length. His testimony, if believed, would warrant the conclusion that he had been the victim of physical attack, violent robbery, and abduction in exceedingly disagreeable circumstances.

A transcript of Fergnani's testimony (reproduced in the record) was prepared by a "regular and duly authorized court stenographer" retained by the defendants. The stenographer was not "specifically" sworn before or during the District Court hearing. There is no contention that the transcript is not full and complete.

The defendants were bound over to the grand jury. Indictments were returned on December 3, 1964. Each defendant has filed a plea of not guilty.

The Commonwealth moved for trial of the indictments after Fergnani's death on May 20, 1965. The defendants

asked postponement so that certain questions of law, concerning the possible use at the trial of Fergnani's testimony at the probable cause hearing, might be reported to this court.

1. Fergnani's testimony was taken at a full hearing of the charges against these defendants (later also made in the pending indictments) at which each defendant was given a complete, adequate opportunity to cross-examine. In view of Fergnani's unavailability, his testimony at the prior proceeding is admissible at the defendants' trial under general principles of the law of evidence, if the former testimony can be reproduced with substantial completeness and accuracy. No violation of the defendants' constitutional right of confrontation will be involved. The relevant principles were fully discussed in *Commonwealth* v. *Gallo*, 275 Mass. 320, 328–334, in holding admissible at a second trial evidence given at a former trial where the witness had disappeared between the first trial and the later trial. These principles were applied in *Commonwealth* v. *Caruso*, 251 Mass. 362, 366–367, to admit at the trial of a murder indictment the testimony, stenographically recorded, of a medical examiner at a probable cause hearing (see original record in that case, p. 79) in the District Court, where the medical examiner had died before the trial in the Superior Court. See *Commonwealth* v. *Richards*, 18 Pick. 434, 437–440. *Ibanez* v. *Winston*, 222 Mass. 129, 130; *Baldwin* v. *United States*, 5 F. 2d 133, 134 (6th Cir. — testimony of witness before United States Commissioner at preliminary hearing admitted where witness died prior to trial), cert. den. 269 U. S. 552; *Coppedge* v. *United States*, 311 F. 2d 128, 132 (Ct. App. D. C. — testimony at former trial); Wigmore, Evidence (3d ed.) §§ 1370, 1375, 1395–1403; McCormick, Evidence, §§ 230–238; note, 75 Yale L. J. 1434. See also *Commonwealth* v. *Goddard*, 14 Gray, 402, 404–405; *Commonwealth* v. *Kerrigan*, 349 Mass. 295, 299–303; *United States* v. *Kelly*, 349 F. 2d 720, 770–771 (2d Cir.); annotations, 79 A. L. R. 1392, 122 A. L. R. 425, 159 A. L. R. 1240, and 45 A. L. R. 2d 1354. Cf. *Smith* v. *United States*, 106 F. 2d 726, 728 (4th Cir.).

Nothing in *Pointer* v. *Texas*, 380 U. S. 400, 407, leads to a different result. In that case, two persons charged with crime, both laymen, had not been represented by counsel at the earlier hearing, the transcript of which was offered in evidence at their trial. Thus, at the earlier hearing, the evidence offered "had not been taken at a time and . . . [in] circumstances affording . . . [the defendants] through counsel an adequate opportunity to cross-examine." It was pointed out (p. 407), "The case . . . would be quite a different one had Phillips' statement been taken at a full-fledged hearing at which . . . [the defendants] had been represented by counsel who had been given a complete and adequate opportunity to cross-examine." See *Motes* v. *United States*, 178 U. S. 458, 474; *Virgin Islands* v. *Aquino*, 378 F. 2d 540, 547–551 (3d Cir.), esp. at pp. 547-548. See also *Jones* v. *California,* 364 F. 2d 522, 523 (9th Cir. — testimony at preliminary hearing); *Butler* v. *Wilson*, 365 F. 2d 308, 310 (9th Cir. — testimony at preliminary hearing). Cf. *Holman* v. *Washington*, 364 F. 2d 618, 622–624 (5th Cir.).[1]

We perceive nothing in G. L. c. 218, § 30 (concerning binding "over for trial in the superior court" persons charged with offences not within the final jurisdiction of the District Court), which precludes use at the defendants' trial of Fergnani's testimony in the District Court. The testimony at the District Court hearing was on issues not in any substantial sense different from those which will arise at trial. To bind the defendants over, the District Court had to find that they "appear to be guilty of [the] crimes" for which they later will or may be tried in the Superior Court. It is not material that, as a matter of tactics, the defendants (1) may not have wished to cross-examine at the probable cause hearing in a manner which would have revealed their proposed defences or their trial strategy, or (2) preferred to conduct some cross-examina-

[1] We do not view G. L. c. 221, § 91B, inserted by St. 1965, c. 585, as making such transcripts inadmissible if, under common law principles, they could be admitted apart from G. L. (Ter. Ed.) c. 233, § 80, as an exception to the hearsay rule or otherwise. See McCormick, Evidence, § 230, fn. 8.

tion for the first time at trial. If they failed to cross-examine any witness fully at the probable cause hearing, they necessarily assumed the risk that the witness would die or become unavailable before trial, so that his initial testimony could be admitted at trial.

2. There is no merit in the contention that the transcript of Fergnani's testimony, given in open court at the probable cause hearing, constituted privileged "work product" of the defendants' attorneys within the principles declared in *Hickman* v. *Taylor*, 329 U. S. 495, 504–514. The transcript merely recorded what a complaining witness testified in open court. His testimony is material and significant. It is in no real sense the result of work by the defendants' attorneys. No privilege is to be given to this material merely because the attorneys did obtain the stenographer and ask some questions at a hearing at which Fergnani could have been compelled to testify. *Stimpert* v. *Abdnour*, 24 Ill. 2d 26, 28–32. See *McGill* v. *Illinois Power Co. Inc.* 18 Ill. 2d 242, 246–247.

3. It is of no significance that the stenographer was not sworn at the probable cause hearing. The stenographer and any other person then present may testify about what was said at the earlier hearing, if the trial judge determines that, through the witness, "the former [here Fergnani's] testimony can be substantially reproduced in all material particulars," and that the witness is now unavailable. *Commonwealth* v. *Glassman*, 253 Mass. 65, 74–75. See *Jaquith* v. *Morrill*, 204 Mass. 181, 189–190; *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 385–386. Any competent witness may refresh his memory from his notes or other documents or he may produce a reliable record of his past recollection. See *Fisher* v. *Swartz*, 333 Mass. 265, 267–271; *Commonwealth* v. *Rogers*, 351 Mass. 522, 534, cert. den. 389 U. S. 991; *Commonwealth* v. *Leonard*, 352 Mass. 636, 642–643.

4. In the light of what has been said, the questions raised by the report are answered: (1) Fergnani's testimony at the probable cause hearing as recorded by the stenographer

may be received at the trial of the indictments. (2) The stenographer's transcript is not attorneys' "work product." (3) It is of no significance that the stenographer was not sworn in the District Court hearing. (4) There will be no improper denial of the right of confrontation if Fergnani's testimony at the probable cause hearing is admitted. (5) and (6) The testimony of police officers concerning the earlier testimony may be received in accordance with principles stated in the opinion.

*So ordered.*