COMMONWEALTH *vs.* ROBERT ANTHONY DIPIETRO. October 28, 1976. The defendant was convicted of robbery and manslaughter. He makes numerous assignments of error, many of which are repetitious. 1. The exercise by the defendant's wife of her privilege not to testify against her husband in a criminal proceeding, G. L. c. 233, § 20, Second, was sufficient to satisfy the requirement of unavailability for the purpose of determining whether the testimony of the defendant's spouse at the probable cause hearing should be admitted under the prior recorded testimony exception to the hearsay rule. Wigmore, Evidence § 1409 (Chadbourn rev. 1974). McCormick, Evidence § 253, n.49 (2d ed. 1972). See Fed.R.Evidence 804 (a)(1); cf. *Commonwealth* v. *Gallo,* 275 Mass. 320, 328-334 (1931); *United States* v. *Elmore,* 423 F.2d 775, 778 (4th Cir. 1970). 2. The stenographer who had taken the testimony at the probable cause hearing identified her transcript of that testimony as a record of her past recollection recorded. That was clearly permissible under *Commonwealth* v. *Mustone,* 353 Mass. 490, 493 & n.1 (1968). See *Fisher* v. *Swartz,* 333 Mass. 265, 267 (1955). See generally Leach & Liacos, Massachusetts Evidence, 83-84 (4th ed. 1967). Accordingly, G. L. c. 221, § 91B, as in effect prior to St. 1975, c. 457, § 1, had no application to the circumstances. 3. It was not error to permit the transcript of the probable cause hearing to be admitted in evidence as an exhibit and taken into the jury room. *Commonwealth* v. *Mustone,* 353 Mass. at 494-495. 4. The defendant was not denied his right of confrontation under the Massachusetts and United States Constitutions by reason of the introduction of the testimony of his girl friend, now wife, as taken at the probable cause hearing. The defendant concedes that the material issue at both proceedings was the defendant's intent to commit homicide. There was a substantial identity of issues on both occasions so as to satisfy the defendant's right of cross-examination at the earlier hearing. *Commonwealth* v. *Gallo,* 275 Mass. at 334. Wigmore, Evidence § 1387 (Chadbourn rev. 1974). McCormick, Evidence § 257 (2d ed. 1972). It is immaterial that for tactical reasons the defendant did not cross-examine his girl friend in greater depth at that time.[1] The constitutional requirement is satisfied if the defendant is afforded the opportunity of cross-examination. *Pointer* v. *Texas,* 380 U.S. 400, 406-407 (1965). The defendant "necessarily assumed the risk that the witness would die or become unavailable before trial, so that ... [her] initial testimony could be admitted at trial." *Commonwealth* v. *Mustone,* 353 Mass. at 494. 5. The judge did not err in refusing to declare a mistrial based on the Commonwealth's calling the defendant's wife as a

[1] The defendant's additional contention that he was unable effectively to cross-examine his girl friend at the probable cause hearing because he did not know about the existence of a witness who testified only at the trial is totally devoid of merit.

witness, believing it likely that she would claim her marital privilege.[2] A party desiring to compel a spouse to testify can call the spouse and ask the questions, thereby compelling the spouse to make a formal claim of the privilege. Wigmore, Evidence § 2243 (McNaughton rev. 1961). "The possibility that the witness may claim the privilege does not prohibit the asking of the question." *Commonwealth* v. *Granito,* 326 Mass. 494, 497-499 (1950). See *Cutter* v. *Cooper,* 234 Mass. 307, 318 (1920). The Commonwealth was not bound by the defendant's representations that his wife would claim her marital privilege, see *Commonwealth* v. *Martino,* 361 Mass. 720, 721-722 (1972), and cases cited therein, and no error was committed in refusing to declare a mistrial by reason of the Commonwealth's requiring the witness to invoke the privilege on the witness stand. 6. There was no error in permitting the medical examiner to express his opinion as to the causal relationship between the blow suffered by the victim and the latter's heart attack. *Commonwealth* v. *Tatro, ante,* 295, 304-305 (1976). See *Commonwealth* v. *Boudreau,* 362 Mass. 378, 380 (1972). Contrast *Commonwealth* v. *Gardner,* 350 Mass. 664 (1966). 7. The assignments of error with respect to the prosecutor's closing argument are not supported by exceptions, see *Commonwealth* v. *Balakin,* 356 Mass. 547, 551 (1969), and there will be no "substantial risk of a miscarriage of justice," *Commonwealth* v. *Freeman,* 352 Mass. 556, 563-564 (1967), if we decline to consider them. 8. The trial judge properly instructed the jury on the lesser included offenses of larceny and manslaughter; he was not required to instruct the jury in the exact language requested by the defendant. *Commonwealth* v. *Devlin,* 335 Mass. 555, 569 (1957). *Commonwealth* v. *Martin,* 357 Mass. 190, 193-194 (1970). 9. The defendant's other assignments of error are devoid of significant legal merit, and no useful purpose would be served by discussing any of them. Compare *Commonwealth* v. *Meggs, ante,* 773, 774 (1976).

*Judgments affirmed.*

*Conrad W. Fisher & Alfred B. Cenedella, III,* for the defendant.

*James P. Donohue,* Assistant District Attorney, for the Commonwealth.

*Judgments affirmed.*

---

[2] In Massachusetts the privilege not to testify against one's spouse in a criminal proceeding belongs solely to the witness. G. L. c. 233, § 20, Second.