COMMONWEALTH *vs.* STEPHEN R. FURTICK. September 28, 1981. We affirm the defendant's conviction of armed robbery, for which he was sentenced to from six to ten years in MCI, Walpole. Together with four other men, he had entered a men's clothing store in Roxbury and held a knife to the proprietor's neck while his accomplices removed a number of

leather coats, leather and cloth jackets, and about $200 in cash from the store. The defendant was identified by the proprietor from photographs the next day and arrested the day following about two blocks from the scene of the crime. All of the issues at trial and on appeal concerned the question of identification.

1. There was no error in the manner in which the trial judge handled the delicate issues involving the testimony of a police officer that Orville Johnson, an employee of the store who had witnessed the robbery but was unavailable to testify at trial, had previously identified the defendant at the probable cause hearing. Johnson had declined to make a positive identification at that hearing, but when asked whether a threat was preventing him from identifying the defendant he replied in the affirmative. Subsequently at the trial the officer was asked whether Johnson had identified the defendant at the probable cause hearing. Defense counsel did not object, and the officer answered yes. Defense counsel relied on cross-examination to get the officer to retract his statement. In this he failed; the officer held to his interpretation of the hearing, even when confronted with the transcript. At a subsequent voir dire, however, the officer agreed that no certain identification had been made. At a bench conference, the judge had suggested that the transcript of the hearing be put in evidence, but the defense counsel declined, because introduction of the transcript, as well as his other two options — recalling the officer or calling the lawyer who had represented the defendant at the hearing to rebut the officer's story — each held the prospect of inviting evidence as to the purported reasons for Johnson's failure to make the identification. He therefore requested the judge either to strike the officer's testimony or to limit the Commonwealth's examination so as to exclude the introduction of evidence that Johnson had been threatened. The court properly refused to strike the testimony, pointing out that the issue of credibility was for the jury. The court then ruled that the Commonwealth would be entitled to bring out the evidence of the threats, and the defendant decided not to introduce the rebuttal evidence. It was not error for the court to rule that it would not limit cross-examination with regard to this matter. The evidence of the threats would have been admissible to explain the officer's testimony that an identification had been made. See *Commonwealth* v. *Keyes*, 11 Gray 323, 324 (1858). "Clearly a party has a right in . . . examination of a witness to ask an explanation of testimony given by him . . . or call his attention thereto as a basis for further evidence relating to the same subject, and may by proper inquiry afford an opportunity to explain, correct, or modify such previous statements." *Commonwealth* v. *Smith*, 329 Mass. 477, 479 (1952), quoting from *Mahoney* v. *Gooch*, 246 Mass. 567, 570 (1923). See the lengthy discussion by Quirico, J., in *Commonwealth* v. *Watson*, 377 Mass. 814, 823-834 (1979). We note that an account of prior reported testimony is admissible as an exception to the hearsay rule where, as is the case here, the prior testimony was taken under oath and subject to the opportunity

for cross-examination, the prior proceedings involved the same parties and substantially the same issues, the witness in the prior proceedings is presently unavailable, and the actual transcript is available, or the judge determines that the prior testimony can be substantially reproduced in all material particulars. *Commonwealth* v. *Richards,* 18 Pick. 434, 437, 439-440 (1836). See generally *Commonwealth* v. *Gallo,* 275 Mass. 320, 328-334 (1931); *Commonwealth* v. *Mustone,* 353 Mass. 490 (1968). Here, as noted above, the defendant did not object to the questioning of the officer concerning Johnson's testimony; moreover, once the officer had testified, it was defense counsel who declined the option of introducing the actual transcript to correct the testimony.

2. We are satisfied that there was no error in the denial of the defendant's motion to suppress the identification of the defendant by a Mrs. Kim, the proprietor of the store, on the basis of an alleged impermissibly suggestive encounter while he was in the custody of the arresting officer immediately following the arrest. The arresting officer had led the defendant past the store window on the way back to a paid detail at a nearby store, where the officer immediately phoned to have the defendant taken away. Although she did see the defendant's back and side, she did not see his face, and there was no communication between Mrs. Kim and the defendant or the officer at the time. (Moreover, she had already, on the previous day, picked out the defendant's photograph from an array shown her.) The trial judge found that Mrs. Kim was not able to make an identification of the defendant from her view of him at that time and that the defendant had been brought by her store inadvertently. These findings are not clearly erroneous. The judge therefore did not err in ruling that Mrs. Kim's identification of the defendant at trial was not suggested by the previous, inadvertent encounter. *Commonwealth* v. *Walker,* 370 Mass. 548, 563-565, cert. denied, 429 U.S. 943 (1976). *Commonwealth* v. *Vasquez,* 11 Mass. App. Ct. 261, 266-267 (1981), and materials cited. *United States* v. *Massaro,* 554 F.2d 547, 550-551 (1st Cir. 1976), cert. denied, 429 U.S. 1052 (1977).

3. There is no merit in the defendant's contention regarding the instruction on identification. The trial judge gave the model instruction set out in *Commonwealth* v. *Rodriguez,* 378 Mass. 296, app. at 310-311 (1979). The defendant claims, however, that the judge did not sufficiently "modif[y] or embellish[ ]" the instruction, as suggested in *Rodriguez. Id.* app. n.1 at 310. Although he did not include as many factors on identification as the defendant would have preferred, we are satisfied that the trial judge adequately instructed the jury on credibility of identification.

*Judgment affirmed.*

*William J. Leahy* for the defendant.
*Kevin Connelly,* Assistant District Attorney, for the Commonwealth.