COMMONWEALTH vs. STEPHEN R. FURTICK.

Suffolk.   February 3, 1982. — June 9, 1982.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Identification.   Evidence,* Previous testimony of unavailable witness.
*Constitutional Law,* Confrontation of witnesses. *Due Process of Law,*
Extrajudicial statement. *Witness,* Unavailability. *Practice, Criminal,*
Failure to object.

Where the record of a criminal trial did not show that the Commonwealth
    had made a good-faith effort to secure the presence of a certain wit-
    ness, the "unavailability" of the witness as it relates to the defendant's
    constitutional right to confront witnesses against him was not estab-
    lished, and evidence that the witness had identified the defendant at a
    probable cause hearing, if objected to, would not have been admissible
    to prove the defendant's guilt.  [480-481]
Failure of defendant's counsel at a criminal trial to object to testimony
    that an absent witness had identified the defendant at a probable cause
    hearing did not preclude the defendant from asserting on appeal that
    the judge had erred in admitting evidence of the identification where
    the judge had directed counsel to proceed on the assumption that the
    witness would be present later in the trial and would identify the de-
    fendant, and where counsel had moved to strike the testimony when
    the witness failed to appear.  [482-483]

INDICTMENT found and returned in the Superior Court
Department on March 19, 1979.

The case was tried before *Garrity,* J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*William J. Leahy* for the defendant.

*Michael J. Traft,* Assistant District Attorney, for the
Commonwealth.

WILKINS, J.   The defendant was convicted of an armed
robbery committed on December 20, 1978, at a clothing
store in the Roxbury section of Boston.   The conviction was

affirmed by the Appeals Court. *Commonwealth* v. *Furtick*, 12 Mass. App. Ct. 944 (1981). We granted the defendant's application for further appellate review. We reverse the conviction because the judge failed to strike evidence of an asserted pretrial identification of the defendant made at a probable cause hearing by an employee of the store who did not testify at trial and who was not shown to be unavailable to testify at the trial.

At the probable cause hearing, held on January 17, 1979, Orville Johnson, an employee of the clothing store, testified that about 1 P.M. on December 20, 1978, there was a robbery at the store. He was not sure whether he saw anyone in the courtroom, other than the proprietor Hyuck Kim, who was in the store on that day. When asked to look at the defendant in the dock, he repeated that he was not sure. Johnson then testified that he and his family had been threatened or intimidated about the case by someone, not in the courtroom, and that "you might say" that the threat was what was keeping him from testifying.

On the first day of trial, a Friday, before any evidence was introduced, the judge held a bench conference concerning Orville Johnson, whom the Commonwealth had had difficulty locating. Johnson was then in the courtroom in response to a subpoena. At defense counsel's request, the judge agreed that Johnson would not testify until Monday so that defense counsel would have time to prepare for cross-examination of Johnson. The assistant district attorney asked the judge to order Johnson to appear again on Monday morning. The judge indicated that he had to decide whether to let Johnson go on his promise to return on Monday or to hold him in custody over the weekend because he had been "a hard guy to get." Johnson promised to appear on Monday. The judge said he would send the police after him if he did not appear.

The Commonwealth's first witness was Hyuck Kim, the owner of the store, who identified the defendant as the man who held a knife to her neck in the course of the robbery. Following her testimony, there was a bench conference con-

cerning the availability of certain witnesses. Defense counsel expressed the possibility of recalling a witness depending on what Johnson should testify to on Monday. The judge said, "You have to expect some things that Mr. Johnson will testify [to]. . . . [H]e will make a deadbolt identification of this defendant. You have to expect that." Defense counsel said that he did not "totally expect" Johnson to be in court on Monday. The judge's instruction to defense counsel to proceed on the assumption that Johnson would take the stand and would identify the defendant should be recalled in assessing the defendant's failure to object to certain testimony of the next witness.

The Commonwealth then called one Finnell, a Boston police detective, who was the investigating officer. He testified that he attended a District Court probable cause proceeding in this matter. Without objection, he testified that Mrs. Kim identified the defendant at that time and that Johnson also identified the defendant. On cross-examination, defense counsel showed Detective Finnell a portion of the transcript of the probable cause hearing in the District Court and asked whether it refreshed his memory as to whether Johnson had identified the defendant at that time. Finnell answered that he thought Johnson had identified the defendant, and, after reading a portion of the transcript of the probable cause hearing, Finnell still thought Johnson had identified the defendant. At a later voir dire, Finnell agreed that Johnson had not pointed out the defendant at the probable cause hearing, but he still maintained that, in his opinion, Johnson had identified Furtick.

Johnson did not appear on Monday. There was no explanation of his absence. Defense counsel moved to strike Detective Finnell's testimony concerning Johnson's identification of the defendant, on the ground that it was inconsistent with what happened at the probable cause hearing. The judge denied the request. The judge also declined the defendant's request that, if he put in evidence that Johnson made no identification of the defendant at the probable cause hearing, the Commonwealth should be barred from

disclosing Johnson's statement that his reluctance to identify the defendant was because of threats. On the next day, Tuesday, defense counsel also objected that the defendant's constitutional right to confront Johnson was violated by permitting Detective Finnell's testimony to stand concerning Johnson's identification of the defendant at the probable cause hearing. It is on this latter ground that we conclude that the judge should have struck Detective Finnell's testimony that Johnson identified the defendant at the probable cause hearing.

Evidence that a witness, under oath and subject to cross-examination, identified the defendant at a probable cause hearing in the same matter is normally admissible at trial to prove the defendant's guilt, if the witness is "unavailable" at the time of trial. See *Ohio* v. *Roberts,* 448 U.S. 56, 65 (1980); *Commonwealth* v. *Bohannon,* 385 Mass. 733, 740-741 (1982). The concept of "unavailability," as it relates to a defendant's constitutional right to confront a witness against him, concerns more than the mere absence of the witness. To have justified admission at trial of Johnson's identification of the defendant at the probable cause hearing, the Commonwealth would have had to prove that it had made a good faith, although unsuccessful, effort to obtain Johnson's presence at trial. See *Ohio* v. *Roberts, supra* at 74-75; *Commonwealth* v. *Bohannon, supra* at 742-746. The record does not establish Johnson's "unavailability" in this sense. Here, over proper objection, evidence that Johnson identified the defendant at the probable cause hearing would not have been admissible to prove the defendant's guilt.[1]

If Johnson had testified at trial that he had identified the defendant at the probable cause hearing, that prior identification would have been admissible as substantive evidence

---

[1] We disagree with the Appeals Court's conclusion that Johnson's identification of the defendant at the probable cause hearing was admissible as the prior reported testimony of a witness shown to be "presently unavailable." See *Commonwealth* v. *Furtick,* 12 Mass. App. Ct. 944, 946 (1981).

of the defendant's guilt. See *Commonwealth* v. *Vitello,* 376 Mass. 426, 458-459 (1978); *Commonwealth* v. *Fitzgerald,* 376 Mass. 402, 406-410 (1978); *Commonwealth* v. *Torres,* 367 Mass. 737, 738-739 (1975). Furthermore, the fact that Johnson made a pretrial identification could have been corroborated through the transcript of the probable cause hearing or through a witness who was present at that hearing. See *Commonwealth* v. *Sheeran,* 370 Mass. 82, 87 (1976); *Commonwealth* v. *Denault,* 362 Mass. 564, 567 (1972); *Commonwealth* v. *Leaster,* 362 Mass. 407, 411-412 (1972). If Johnson had identified the defendant at trial, whether or not he had testified to any pretrial identification, evidence from another source that he had made a pretrial identification of the defendant would have been admissible at least to corroborate the in-court identification. See *Commonwealth* v. *Repoza,* 382 Mass. 119, 129-130 (1980); *Commonwealth* v. *Swenson,* 368 Mass. 268, 273 (1975).[2] But here, where Johnson did not testify at trial and thus was not subject to cross-examination, the fact of his pretrial identification of the defendant would not have been admissible, over proper objection. See *Ohio* v. *Roberts, supra* at 65; *Commonwealth* v. *Bohannon, supra* at 742.

[2] If Johnson had testified at trial, and made no in-court identification, and disclaimed any pretrial identification, evidence of the pretrial identification would have been admissible to impeach Johnson, but it is doubtful whether evidence of Johnson's pretrial identification would have been admissible as substantive evidence. See *Commonwealth* v. *Swenson,* 368 Mass. 268, 272-273 n.3 (1975). See also *United States* v. *Lewis,* 565 F.2d 1248, 1252 (2d Cir. 1977), cert. denied, 435 U.S. 973 (1978); 4 J. Weinstein & M. Berger, Evidence par. 801 (d) (1) (C) [01], at 801-130 — 801-132 (1981 & Supp.); Annot., 71 A.L.R.2d 449, 485-491 (1960 & Supp. 1978). Rule 801 (d) (1) (C) of the Proposed Massachusetts Rules of Evidence (July, 1980), which tracks the Federal rule of the same number, may be read to say that such evidence is admissible for substantive purposes: "A statement is not hearsay if . . . [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . one of identification of a person after perceiving him." Although Proposed Mass. R. Evid. 801 (d) (1) (C) (July, 1980) may be construed to permit the introduction for substantive purposes of such a pretrial identification, the *Swenson* case suggests that a contrary answer may be required in criminal cases because of the defendant's constitutional right to confront witnesses.

We come then to the issue of the failure of defense counsel to object on Friday to the question which asked Detective Finnell about Johnson's identification of the defendant at the probable cause hearing. Immediately before that question, Finnell was asked whether Kim had identified the defendant at the probable cause hearing. Defense counsel made no objection. However, because Kim had already testified and had identified the defendant in the courtroom, a request that the judge instruct the jury to consider her prior identification only as it might corroborate her in-court identification, and not as substantive evidence, may have seemed an academic point not worth making. Johnson, however, had not yet testified. Therefore, over objection, evidence of Johnson's identification of the defendant would not have been admissible for any purpose. The judge had assured defense counsel that Johnson would make a "dead-bolt identification" of the defendant and had instructed counsel to proceed on that assumption. In this circumstance, an objection would have been fruitless in keeping the evidence from the jury, at least as corroboration of Johnson's anticipated identification testimony, because the judge had discretion to regulate the order of proof. See *Commonwealth* v. *Thompson*, 362 Mass. 382, 386 (1972).

When, however, on Monday Johnson failed to appear and the Commonwealth did not show him to be unavailable, it became clear that Finnell's testimony concerning Johnson's identification of the defendant at the probable cause hearing lacked an essential foundation for its admission in evidence, that is, either Johnson's in-court testimony or a showing of his "unavailability." We think, in light of the judge's statements, defense counsel should not be faulted for failing to object on Friday to Finnell's testimony concerning Johnson's pretrial identification of the defendant. The Commonwealth does not argue here that defense counsel failed to make a timely objection. When defense counsel moved to strike Finnell's testimony concerning Johnson's pretrial identification of the defendant, arguing that the defendant was denied his constitutional right to confront

Johnson, the judge should have allowed the motion. Defense counsel's failure to object on Friday to the identification testimony does not justify allowing to remain before the jury evidence that violates the defendant's constitutional right to confront a "witness" against him.[3]

The question whether the defendant was the robber of the store was the central issue at trial. If evidence of Johnson's pretrial identification had been struck, only Kim's identification of the defendant would have been before the jury. In such a circumstance, we cannot fairly conclude that the failure to strike evidence of Johnson's pretrial identification was not a prejudicial error requiring reversal of the conviction.

One other issue argued on appeal should be discussed because it bears on whether Kim's identification of the defendant should be suppressed. We agree with the conclusion of the Appeals Court that there was no error in the denial of the defendant's motion to suppress Kim's identification of the defendant. *Commonwealth* v. *Furtick*, 12 Mass. App. Ct. 944, 946 (1981).

*Judgment reversed.*

*Verdict set aside.*

---

[3] We are not saying that, whenever there is a claimed constitutional violation in the admission of evidence, a party may raise the asserted error on appeal without having made a timely objection. We are saying, however, that when a judge explicitly directs defense counsel to proceed on certain assumptions that prove not to be true, a defendant should not be foreclosed from arguing to the trial judge, and on appeal, a constitutional point that became significant because of that change in circumstances.