COMMONWEALTH *vs.* JAMES E. BROWN. October 7, 1982. Brown was convicted in a jury trial in the Superior Court on three indictments for armed robbery and on so much of a fourth indictment as charged unarmed robbery. He appealed.

1. There was evidence of the following circumstances. Brown was arrested on October 20, 1979, after a high speed chase of a yellow station wagon operated by him. That vehicle came out of a one-way street the wrong way about 3:30 A.M., and almost hit a police cruiser. At Boston's District 2 police station, Brown and his passenger, Charles Stiles, were informed of their Miranda rights at least twice. A police officer there reported aloud in Brown's presence a telephone report that the yellow station wagon had been "taken on a robbery . . . on the 14th of October." Shortly thereafter Brown began to describe a series of some eleven street robberies which he and Stiles had committed within several days after stealing the station wagon. Officers then took Brown and Stiles to Boston's District 4 police station. There Brown admitted that he and Stiles had engaged in twelve to fifteen or more street robberies during that five to six-day period. Brown's admissions dealt with the four robberies of which he was convicted and made reference, usually in general terms, to other robberies during the period.

The trial judge, after hearing (at a pretrial motion to suppress) extended police testimony concerning Brown's admissions, decided that his confessions were voluntary. At a lobby conference just before trial, the judge

ruled "that, since this case . . . is going to turn on the validity of the confession, the jury is entitled to hear the entire confession" including evidence of the street robberies other than those for which Brown was indicted.

Evidence of other independent, distinct crimes ordinarily will not be admitted merely to prove that a defendant committed a crime with which he is charged. See *Commonwealth* v. *Stone,* 321 Mass. 471, 473-474 (1947); *Commonwealth* v. *Welcome,* 348 Mass. 68, 70-71 (1964). Such evidence, however, may be admitted for other relevant probative purposes. *Commonwealth* v. *Gallison,* 383 Mass. 659, 673 (1981). Brown's confessions related to a substantial group of similar street offenses by Brown and Stiles within a brief period, some of which involved using the stolen yellow station wagon in much the same manner in a joint venture. See the *Stone* case, *supra* at 474. See also *Commonwealth* v. *Schoening,* 379 Mass. 234, 242 (1979); *Commonwealth* v. *Higginbotham,* 11 Mass. App. Ct. 912, 914 (1981). The numerous admitted robberies showed the pattern of Brown's and Stiles's conduct during the relevant period and had some tendency to show the confessions to have been reliable. Any prejudice likely to arise from admitting the whole confessions "did not so outweigh . . . [the] probative value that it was error to admit" the evidence. *Commonwealth* v. *Bradshaw,* 385 Mass. 244, 269-270 (1982). All the crimes admitted by Brown in his statements were intertwined to some extent with events on the night of his arrest. See *Commonwealth* v. *Hoffer,* 375 Mass. 369, 372-373 (1978). See also *Commonwealth* v. *Jackson,* 384 Mass. 572, 577 (1981). The trial judge did not abuse his discretion. See *Commonwealth* v. *Blow,* 362 Mass. 196, 200-201 (1972); *Commonwealth* v. *Chalifoux,* 362 Mass. 811, 815-816 (1973); *Commonwealth* v. *Walker,* 370 Mass. 548, 568-569, cert. denied, 429 U.S. 943 (1976); *Commonwealth* v. *Ciminera,* 11 Mass. App. Ct. 101, 104-105, *S.C.,* 384 Mass. 807 (1981). See also *Commonwealth* v. *Wood,* 7 Mass. App. Ct. 455, 459-460 (1979), *S.C.,* 380 Mass. 545 (1980); Liacos, Massachusetts Evidence 420-423 (5th ed. 1981).

2. Prior to trial, the prosecution could not find two witnesses, Miss Amy Jealous and Miss Juliette Loizeaux, alleged victims of robberies by Brown. Each had testified at the probable cause hearing and had been cross-examined by Brown's then attorney. There was proof that the Commonwealth had tried to find them by police investigation and by letters addressed to them at their last known addresses. The trial judge reasonably allowed to be read to the jury from an admittedly accurate transcript the direct testimony of these witnesses at the probable cause hearing and their cross-examination then by Brown's attorney. The judge did not allow to be read the cross-examination at the probable cause hearing by Stiles's attorney of either Miss Jealous or Miss Loizeaux. Stiles's attorney then had engaged in a somewhat more extended cross-examination of these witnesses than did Brown's counsel. Brown's present counsel does

not contend that the trial judge exceeded his discretion in admitting the probable cause testimony of the two missing witnesses. See *Commonwealth* v. *Mustone*, 353 Mass. 490, 492-495 (1968); *Commonwealth* v. *Bohannon*, 385 Mass. 733, 740-747 (1982), and cases cited. There was proof that the Commonwealth had tried unsuccessfully to find the two witnesses a few days before trial. Compare the *Bohannon* case at 744-745. Compare also *Commonwealth* v. *Furtick*, 386 Mass. 477, 480-483 (1982) (where there was inadequate proof of the witness's unavailability at trial). The reliability of the evidence, given under oath at the formally conducted probable cause hearing, was established by the fact that Brown was represented there by counsel who "could and did cross-examine the witness." See the *Bohannon* case at 746-747. Brown's constitutional right to confront these witnesses was satisfied by proof that his own counsel "had the opportunity fully to cross-examine [them]" at the probable cause hearing. There was no constitutional necessity for admitting the cross-examination of them by counsel for Stiles. See *Commonwealth* v. *Easterling*, 12 Mass. App. Ct. 226, 229 (1981). Brown's counsel at the probable cause hearing ran the risk of the later unavailability of the two witnesses if he failed to cross-examine them fully. See the *Mustone* case, 353 Mass. at 494. He was not entitled to rely on their cross-examination by counsel for another defendant.

The excluded cross-examination of the two witnesses by Stiles's counsel is reproduced in the record appendix. As in the *Easterling* case (at 229) it is hard to see how the admission of this cross-examination would have been of significant benefit to Brown. It relates largely (in the case of Miss Loizeaux) to questions concerning pretrial identification of photographs of Stiles and (in the case of Miss Jealous) to that pretrial photographic identification and briefly to her opportunity to observe Stiles at the time of the robbery. It appears irrelevant to the issue of Brown's guilt. See *Commonwealth* v. *Shagoury*, 6 Mass. App. Ct. 584, 596-597 (1978), cert. denied, 440 U.S. 962 (1979), where the trial judge was held correctly to have "refused to allow the defendant's attorney to read" irrelevant portions of the grand jury testimony of a witness. Nothing in *Commonwealth* v. *Berth*, 385 Mass. 784, 787 (1982), clearly bears upon the issue before us.

*Judgments affirmed.*

*Patricia A. O'Neill* for the defendant.
*David B. Mark*, Assistant District Attorney, for the Commonwealth.