COMMONWEALTH *vs.* JAMES E. BROWN.

Suffolk.   February 9, 1983. — June 8, 1983.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & LYNCH, JJ.

*Evidence,* Other offense, Relevancy and materiality, Cross-examination
by codefendant's counsel.  *Error,* Harmless.

At the trial of armed robbery indictments admission in evidence of testi-
mony by police officers as to statements made by the defendant con-
fessing to the robberies in question, as well as to a number of robberies
for which the defendant was not on trial, constituted reversible error.
[384-386]

At the trial of armed robbery indictments in which a transcript of the
direct testimony of two unavailable witnesses and cross-examination of
them by defendant's counsel was admitted in evidence, the judge erred
in excluding the cross-examination of the witnesses by counsel for a
confederate in the robberies respecting the witnesses' identification of
the confederate.  [386-387]

INDICTMENTS found and returned in the Superior Court
Department on February 6, 1980.

The cases were tried before *Linscott,* J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Patricia A. O'Neill* for the defendant.

*David B. Mark,* Assistant District Attorney, for the Com-
monwealth.

LIACOS, J.   James E. Brown was convicted by a jury on
July 24, 1981, on three indictments charging armed robbery
and on so much of a fourth indictment as charged unarmed
robbery.   He appealed to the Appeals Court, which af-
firmed the judgments.  *Commonwealth* v. *Brown,* 14 Mass.
App. Ct. 995 (1982).   We granted the defendant's applica-
tion for further appellate review, and we now reverse.

There was evidence of the following facts. On October 20, 1979, at about 3:30 A.M., two Boston police officers observed a yellow station wagon automobile, driven by Brown, exit a one-way street the wrong way. The station wagon almost hit the police cruiser, and a high speed chase ensued. The police eventually managed to stop the station wagon, and arrested Brown, a black male, and his passenger, Charles Stiles, a white male. Brown and Stiles were taken to the District 2 police station and were informed of their Miranda rights.

At the station, Brown heard a police officer repeat aloud a telephone report from a police dispatcher that the yellow station wagon had been taken during an armed robbery on October 14, 1979. Brown volunteered that he "had nothing to do with the robbery" but had merely been the operator of the motor vehicle. He then began to confess to a series of eleven street robberies which he and Stiles had committed after stealing the station wagon. Because these robberies occurred in police District 4, Brown was taken to the District 4 police station for further questioning. There Brown stated that he wanted "to start [with] a clean slate" and confessed that he and Stiles had committed approximately twenty to twenty-four armed robberies during the prior week. None of the defendant's statements were reduced to signed statements; no notes of the interviews were produced nor were the statements recorded by a tape recorder. The police found reports in their files of several robberies which matched the description given by Brown.[1]

Three police officers testified at trial to the statements made by Brown at the District 2 and District 4 police stations. Their testimony constituted the strongest evidence against Brown.[2] Two of the victims of the robberies also testified at trial.

---

[1] Brown also had been indicted for a fifth robbery, but was not on trial for this robbery because the victim was absent from the Commonwealth at the time of trial on the other four robberies.

[2] In his charge to the jury, the judge said that "[w]hen you get right down to it, the government's case ultimately will turn on what you decide about the confessions."

One victim testified that she had been robbed on October 18, 1979, at about 3 P.M. by one white male and one black male, who drove off in a yellow station wagon. She testified that she was uncertain that the white male was Stiles, but that the black male resembled Brown. Another victim testified that she had been robbed on October 18, 1979, at 10:30 P.M. by a black male who looked like Brown. The prior testimony of two other victims at a probable cause hearing in the District Court was read to the jury. Their testimony was that they were robbed on October 18 at 7:40 P.M. by a male whom they later identified as Stiles. The police found certain personal belongings of these victims in the yellow station wagon. The transcript of the cross-examination of these victims by Brown's attorney also was read to the jury, but the judge refused to allow the cross-examination by counsel for the codefendant Stiles to be read.[3] Brown did not testify.

Brown argues two points before us. First, he claims reversible error in the admission of his confessions as to crimes for which he was not on trial. Second, he claims error in the exclusion of the probable cause transcript disclosing the cross-examination of the two victims by counsel for the codefendant Stiles.

1. A fundamental rule of evidence is that evidence of the commission of other, independent crimes cannot be admitted to show commission of the crimes charged. *Commonwealth* v. *Welcome*, 348 Mass. 68, 70-71 (1964). However, when the evidence of other crimes is not too remote or is connected with the facts of the case, it may be admitted to establish knowledge, intent, motive, method, or other facts relevant to proof of the crime charged. *Commonwealth* v. *Imbruglia*, 377 Mass. 682, 695 (1979). In the instant case, the evidence of Brown's statements was admitted to show the precise circumstances of Brown's confession to the

---

[3] In his brief the defendant states that his codefendant, Stiles, had pleaded guilty prior to Brown's trial.

crimes charged.[4] Since the thrust of Brown's defense was that the police fabricated the confessions,[5] the judge appeared to reason that proof of a pattern of robberies by Brown and Stiles "had some tendency to show the confessions to have been reliable." *Commonwealth* v. *Brown, supra* at 996.

It is difficult to see, however, how the alleged confessions as to the other robberies served to show that the confessions had not been fabricated. Giving the jury "a complete picture" of the circumstances of the confessions, without more, is an insufficient basis for admitting Brown's statements in their entirety. The confessions to the crimes charged would not have been rendered unintelligible if the references to the other robberies had been omitted. Contrast *Commonwealth* v. *Jackson*, 384 Mass. 572, 578 (1981). We also note that the oral testimony of the police officers could have been limited easily to avoid references to the other robberies.

The Commonwealth argues that the confessions were admissible in their entirety to show a common scheme or plan.[6] Even if the confessions in their entirety had some tendency to show a common scheme, they would not have been admissible. Brown's confession to committing the robberies for which he was charged would have served this purpose adequately. The incremental value of the references to

---

[4] The judge ruled "that, since this case . . . is going to turn on the validity of the confession, the jury is entitled to hear the entire confession."

[5] Brown pointed to the absence of any written confession, a delay in reporting Brown's statements to the office of the district attorney, and certain discrepancies between the testimony of the police officers at trial and their earlier statements as evidence tending to show that their testimony as to the confessions was fabricated.

[6] At oral argument, the Commonwealth chose to rely on the ground stated by the judge. Since its brief argues for the admission of the confession on the ground of common scheme, we will address the point. We note, however, that since the judge did not rely on this ground, he did not balance the probative value of showing a common scheme against the undue prejudicial effect of the reference to other robberies.

other robberies was minimal and did not outweigh the undue prejudice.[7] The admission of the confessions as to other crimes was therefore error.[8]

During oral argument before this court, the Commonwealth argued that the admission of the entire confession, if error, was harmless. Its argument is that once the jury had accepted that the confessions were not fabricated, it did not matter whether Brown was said to have confessed to four robberies or to twenty-four robberies. The difficulty, however, is that we cannot say with confidence that the evidence of the other robberies did not make the jury more inclined to accept the authenticity of the confessions. The error was not harmless.

2. Since the issue is likely to arise at a new trial, we address Brown's second claim of error. He argues that the exclusion of a portion of the transcript of the prior testimony of the two unavailable witnesses violated his constitutional right to confront the witnesses against him. Brown does not challenge the admission of their prior testimony. The Commonwealth made a sufficient showing that the witnesses, Amy Jealous and Juliette Loizeaux, were unavailable. Cf. *Commonwealth* v. *Bohannon,* 385 Mass. 733 (1982). Thus, the judge properly allowed the transcript of the direct testimony of these witnesses and their cross-examination by

---

[7] We note that "[i]t is the incremental probity of the evidence that is to be balanced against its potential for undue prejudice." *United States* v. *Beechum,* 582 F.2d 898, 914 (5th Cir. 1978), cert. denied, 440 U.S. 920 (1979). See *United States* v. *Rice,* 550 F.2d 1364, 1372 (5th Cir.), cert. denied, 434 U.S. 954 (1977); 2 J. Weinstein & M. Berger, Evidence par. 404[18] (1982).

[8] At oral argument, the Commonwealth suggested that the confessions were admissible in their entirety on the issues of the voluntariness of the confession and of the defendant's waiver of his Miranda rights. We are not persuaded. Although the judge charged the jury on these issues, the Commonwealth concedes in its brief that the defendant did not offer any evidence that the confessions were coerced or that he had not waived his Miranda rights. These issues were not live issues at trial, and we doubt, in any event, that evidence of confessions to multiple crimes tends to show voluntariness or waiver, any more than the confession to the four crimes at issue.

Brown's attorney at the probable cause hearing to be read to the jury. Brown's claim is that the judge should have permitted him to introduce in evidence the transcript of the cross-examination of the two witnesses by Stiles's attorney. This cross-examination focused on the witnesses' pretrial photograph identification of Stiles and on the witnesses' opportunity to observe Stiles at the time of the robbery. Their direct testimony included statements identifying Stiles as the perpetrator.

We do not decide whether constitutional principles required the admission of the cross-examination of the witnesses, Loizeaux and Jealous, by Stiles's attorney. The testimony was excluded apparently on the ground that it was irrelevant to the issue of Brown's guilt.[9] We cannot agree. Much of the evidence introduced at trial pointed to the fact that Brown and Stiles committed these robberies together. In such circumstances, the identification of the coperpetrator is probative of the defendant's guilt. See *Commonwealth* v. *Cinelli, ante* 197, 203-204 (1983). Since the testimony was relevant, it should have been admitted. We see no basis for excluding the testimony on the ground that it would have confused or misled the jury.

We note that our view will serve the goal of judicial economy. It will allow counsel for codefendants at probable cause hearings to rely on the cross-examination of another defendant's counsel. Otherwise, each counsel at a probable cause hearing, or at a prior trial, would be forced to cover the same ground endlessly.

*Judgments of the Superior Court reversed.*

*Verdicts set aside.*

---

[9] The record does not reveal on what ground the judge excluded the testimony. The Appeals Court stated that the testimony was "irrelevant." *Commonwealth* v. *Brown*, 14 Mass. App. Ct. 995, 997 (1982). Arguably, the exclusion of the testimony might have been harmless, but we need not decide that question.