[Crim. No. 1201.   Fourth Dist.   Apr. 6, 1956.]

THE PEOPLE, Respondent, v. CLARENCE HOOD, Appellant.

Clarence Hood, in pro. per., and LeRoy Snyder, Jr., for Appellant.

Edmund G. Brown, Attorney General, and Arthur L. Martin, Deputy Attorney General, for Respondent.

MUSSELL, J.—Appellant was charged with armed robbery in an information containing two counts, in the first of which it was alleged that on or about August 1, 1955, he, while armed with a deadly weapon, did wilfully and unlawfully rob one Buddy Glendale Boggess. In count two similar armed robbery of one Robert R. Araujo was alleged to have been committed by appellant on or about June 20, 1955. A jury trial was had which resulted in a verdict of guilty as to count two and a disagreement as to count one. The trial court ordered a mistrial as to count one and judgment of conviction was entered by the court as to count two. A motion for a new trial was made and denied. Defendant appeals from the judgment thereupon entered and the order denying the motion for a new trial.

On June 20, 1955, Robert L. Araujo was working as a service station attendant on the 3 p.m. to midnight shift at a station in Fresno. He testified at the trial that at about 11:30 p.m., while he was in the process of closing up and was near the front door of the station, he saw "this fellow" approach him from the back; that the man was about two feet away and told him to open the door to the office. Araujo hesitated and he was again ordered to open the door. After he had opened it, he entered the office and the man followed directly behind him. Araujo walked to the cash box and the man at the time had his hands on a revolver under his shirt. Araujo was ordered to open the cash box and when he hesitated, the man said "Damn it, open it." After Araujo had opened the cash box, he was ordered to step back and the man then started taking the money out of the cash drawer. Araujo further testified that he had about $50 in the cash box; that the man was holding the gun "right out in front of him but aiming it right at me"; that after taking the money out of the cash box, the man ordered him to sit down, facing the wall, and said, "Don't make a funny move or I will blow your brains out," and then left the station; that while the gun

was being pointed at him, he observed that it was a small nickel plated revolver. When asked if he would know the man who "put the gun on him and took his money" if he saw him again, he answered in the affirmative and pointed out the defendant to the jury. He stated that he identified the defendant by a black mole on his face and stated he saw him at the city jail while he was being questioned shortly after his arrest; that he recognized the defendant's voice because "he had a stuttering way of talking" and from his observation of him at the jail, he then knew him to be the man who had held him up at the service station on June 20th.

The defendant testified at the trial that he had never seen Araujo before and that he was never in the service station; that he did not remember where he was on the night of June 20, 1955, and stated that he never had a gun in his possession. Several witnesses for the defense testified as to the whereabouts of the defendant on August 1, 1955, to the effect he was gambling near the Hideaway Café in Fresno at the time of the alleged robbery. However, no evidence was offered by the defendant as to his whereabouts on the night of June 20, 1955, other than his statement that he probably was at the camp where he resided.

The opening brief herein was filed by the appellant in propria persona and in it he contends that the evidence of his identification by the prosecuting witness at the city jail was inadmissible as hearsay; that there was no proof that the prosecuting witness told the truth; that the prosecuting witness' testimony concerning the defendant's gun was impeached by his own statements at the preliminary hearing; that the court erred in not ordering the jury to view the scene of the crime; that the court should have directed a verdict for the defendant because there was no proof that he committed the crime; that the court erred in not instructing the jury on the usual "line up" procedure and in merely having the testimony regarding the "line up" reread to the jury.

On defendant's application, an attorney was appointed to represent him on this appeal and the closing brief was filed by the attorney so appointed. In it defendant's sole contention is that there was not sufficient substantial evidence to support the verdict in that the defendant was not sufficiently identified as the person who committed the robbery.

The rule as to the sufficiency of the identification of a de-

fendant in a criminal case is stated in *People* v. *Farrington,* 213 Cal. 459, 463-464 [2 P.2d 814], as follows:

"The strength or weakness of the identification, the incompatibility of and discrepancies in the testimony, if there were any, and the uncertainties of witnesses in giving their testimony were matters solely for the observation and consideration of the jurors in the first instance, and for the consideration of the trial court on motion for a new trial. It has approved the finding of the jury, and on appeal this court may not disturb such finding and the action of the trial court unless we can say, as a matter of law, that there was no evidence to support the conviction. (*People* v. *Erno,* 195 Cal. 272, 283 [232 P. 710].)" See also *People* v. *Stewart,* 96 Cal.App.2d 666, 667 [216 P.2d 80], and *People* v. *Taylor,* 136 Cal.App.2d 118, 123 [288 P.2d 312].

We are unable to say, as a matter of law, that there was no evidence to support the conviction of the defendant in the instant case. ■ The question of whether the identification was sufficient was one for fact for the jury and where, as here, its finding is supported by substantial evidence, it will not be disturbed. (*People* v. *Newman,* 102 Cal.App.2d 302, 305 [227 P.2d 470].)

■ The contention that the testimony of the complaining witness as to his identity of the defendant at the city jail a short time after the robbery was hearsay and therefore inadmissible is without merit. (*People* v. *Slobodion,* 31 Cal.2d 555, 559, 560 [191 P.2d 1].)

Appellant contends that there was no proof that the prosecuting witness told the truth. ■■ However, as was held in *People* v. *Newman, supra,* 305-306, the testimony of one witness when believed by the jury is sufficient to support a verdict if such testimony is not inherently improbable, and it is further held therein that uncertainties in the testimony of witnesses are matters to be directed to the attention of the jury and the trial court and cannot be urged on appeal.

The contentions that the court erred in failing to direct a verdict for the defendant, to order the jury to view the scene of the crime, and to instruct the jury on the "usual line up procedure" are likewise without merit. ■ The appellant made no motion or request for a directed verdict and where, as here, there was substantial evidence to support it, there was no error in failing to direct such a verdict for the defendant. ■ The question of whether the jury should

have been ordered to view the scene of the crime was within the discretion of the trial court (Pen. Code, § 1119), and no abuse of discretion in this connection appears. ▮ There is no legal requirement on a ''line up'' and such a procedure is designed to assist the jury in weighing the evidence of identification. (*People* v. *Branch*, 127 Cal.App.2d 438, 440 [274 P.2d 31].) The record shows that the jury returned into court before reaching a verdict and the foreman stated there was one question or answer relating to the identification of the defendant at the police station that they did not understand. The court then read the previous testimony with regard to a prior identification of appellant by the victim and both counsel agreed to this procedure. ▮ Furthermore, the court's instructions to the jury are not included in the record and we cannot presume that erroneous instructions were given.

The judgment and order are affirmed.

Barnard, P. J., and Griffin, J., concurred.