# PAUL MOUZON *v.* STATE OF MARYLAND

[No. 325, September Term, 1969.]

*Decided March 3, 1970.*

The cause was submitted to MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*John D. Hackett* for appellant.

*James F. Truitt, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Stephen E. Harris, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Paul Mouzon (appellant) was convicted of robbery with a deadly weapon at a court trial in the Criminal Court of Baltimore. He presents questions as to:

I the sufficiency of the evidence;
II the admissibility of evidence of identification; and
III the admissibility of a confession.

## I

The victim, a route salesman for the Utz Potato Chip Company, testified that he was forced at gun point to give about $120 to two men. This was sufficient to establish the *corpus delicti* of robbery with a deadly weapon. He made a positive judicial identification of appellant as one of the robbers. This was sufficient to establish the criminal agency of appellant. In the face of this evidence we cannot say that the court's judgment on the evidence was clearly erroneous. Maryland Rule 1086.

## II

The judicial identification of appellant by the victim was not challenged below. The State attempted to adduce evidence through the testimony of a police sergeant that the victim had identified appellant from photographs. Objection was made and the court asked the State why it had not asked the victim with regard to the extrajudicial identification in its direct examination of him. The State said, "I didn't think I needed it your Honor," and the court said, "Well, if you don't need it with him, you certainly don't need it with the officer." The matter was not pursued and although there was no motion to strike the testimony we think it clear that the court in effect sustained the objection. But, assuming that evidence of an identification by a pre-trial viewing of photographs was admitted as independent evidence of identification or as corroborative of the judicial identification, the rule is that such evidence is admissible not only when adduced through the out-of-court declarant but when adduced through a police officer or third person observing the extrajudicial identification if the out-of-court declarant is present at the trial and available for cross-examination, as was here the case. When challenged, the burden is on the defendant to show *prima facie* that the pre-trial identification procedure was illegal. It is when it is established that the pre-trial procedure was illegal that the exclusionary rules come into play. *Smith and Samuels v. State,* 6 Md. App. 59; *Miller v. State,* 7 Md.

App. 344. Appellant here did not meet his burden. He argues, however, that the court erred in finding "a credible in-court identification." The admission of the judicial identification is not before us as not challenged below. Maryland Rule 1086. And in any event the credibility of the identifying witness and the weight to be given the identification were matters for the trier of fact. See *Barnes v. State,* 5 Md. App. 144; *Gibson v. State,* 4 Md. App. 222.

## III

Appellant does not contend that the warnings required by *Miranda v. Arizona,* 384 U. S. 436 were not given him and there was evidence sufficient to show that they were. And there was also evidence that appellant stated he understood the rights explained to him and that he signed an Explanation of Rights form before any questioning.[1] Appellant gave a statement and it was reduced to writing. Appellant refused to sign it saying, "I don't want to sign this 'til I contact my lawyer."

Based on the evidence before the court on the issue of the admissibility of the statement, the court found that the statement was freely and voluntarily made by appellant and that he voluntarily and intelligently waived his rights with regard thereto. The determination of the admissibility of a confession is left largely to the trial court. From our review of the record we find no manifest abuse of discretion, absent which, such determination will not be disturbed. *Spell v. State,* 7 Md. App. 121, 130. That appellant refused to sign the confession after voluntarily making it did not render it inadmissible. *Miller v. State,* 251 Md. 362, 377; *Cooper v. State,* 1 Md. App. 190, 194-195. And the reason he refused to sign it—"I don't want to sign this 'til I contact my lawyer"—did not violate the *Miranda* mandates, for by that time the confession had been obtained within the constitutional requirements. Appellant now argues:

---

1. The form was admitted in evidence. It read, "I have been advised by Sgt. Joseph J. Lynch of my rights and I understand:" followed by a specific enumeration of the required warnings. It bore appellant's signature and was witnessed by two officers.

"The statement is not indorsed. If it be not indorsed, it is repudiated. If it be repudiated, it is cancelled. And, if it be cancelled, it does not exist; and, if it does not exist, it cannot be used against the person (voluntariness having been withdrawn)."

That appellant may have repudiated the statement immediately after voluntarily making it, would no more render it inadmissible than if he repudiated it at the trial. At most, such repudiation would go to its weight, not to its admissibility. Appellant asserts that the question is whether or not the spirit and philosophy of *Miranda*, and not the letter of the law, were fully satisfied. Even if that were the question, we find clear that the letter of the law was satisfied, and do not believe that the spirit, philosophy and rationale of *Miranda* were here violated.

*Judgment affirmed.*