535 P.2d 35

**STATE of Arizona, Appellee,**

v.

**Gary Lee JACKSON, Appellant.**

**No. I CA–CR 816.**

Court of Appeals of Arizona, Division 1, Department B.

May 15, 1975.

Rehearing Denied June 19, 1975.

Review Denied July 10, 1975.

8

Bruce E. Babbitt, Atty. Gen. by Grove M. Callison, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Maricopa County by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

## OPINION

JACOBSON, Presiding Judge.

Two questions are presented for resolution in this appeal:

(1) The admissibility of testimony by a third person as to the victim's out-of-court identification of the defendant, when the

victim was unable to make an in-court identification, and

(2) Whether it was prejudicial to admit a photograph of the defendant into evidence at the trial.

The facts necessary to a determination of these issues are not in dispute. In September of 1967, the manager of a local grocery store was given a check endorsed by a "Larry J. Smith." The manager was suspicious of the man who signed the check and of the two men who joined him so the manager wrote down the license plate number of the car in which the men left the premises. The check signed by "Larry J. Smith" was later returned to the store because of "unauthorized signature." The license plate number written down by the store manager was traced by the police to a car belonging to a friend of the defendant.

About two to three weeks after the check had been passed, police brought five or six photographs to the store manager for the purpose of identifying the person he had described to them. He chose the picture of the person he identified as passing the bad check.

The defendant was charged on March 7, 1968 with passing this check. He was found guilty on June 27, 1968 by a jury and was placed on four years' probation. On May 28, 1970 his probation was revoked with a sentence of ten to twelve years imposed. This delayed appeal followed.

■ At the trial, the store manager testified that he had selected a photograph of the person who had passed the check shortly after the incident, but he stated that he was unable at the time of the trial to identify the photograph or the defendant himself. The police officer who had shown the witness the photographs was allowed to testify over objection as to the store manager's selection of a photograph of the defendant shortly after the check was passed. The defendant asserts that the officer's statements constitute hearsay and are inadmissible as the witness was unable to make any sort of in-court identification. Defendant's contention has been answered adversely to him in the recent case of State v. Kevil, 111 Ariz. 240, 527 P.2d 285 (1974). Quoting with approval from People v. Gould, 54 Cal.2d 621, 7 Cal.Rptr. 273, 354 P.2d 865 (1960), the Supreme Court stated:

"The failure of the witness to repeat the extra-judicial identification in court does not destroy its probative value, for such failure may be explained by loss of memory or other circumstances. The extra-judicial identification tends to connect the defendant with the crime, and the principal danger of admitting hearsay evidence is not present since the witness is available at the trial for cross-examination." 111 Ariz. at 246, 527 P.2d at 291.

■ The appellant contends that the officer's statements in this case are not admissible as independent evidence of identity as the witness was not available for cross-examination. This contention is based upon the grounds that the store manager had been excused as a witness before the officer's statements were offered and that even if the witness had still been available, any attempt at cross-examination would have proved fruitless because of the witness' faulty memory.

The defendant's contention that the witness was not physically present for cross-examination is without merit. The witness was physically present in court and the defense counsel had the opportunity to cross-examine him regarding his extra-judicial identification and did not seek to recall him to the stand.

■ The defendant's suggestion that the witness' faulty memory made cross-examination impossible is equally without merit. Although at the time of trial the witness was unable to make any type of in-court identification, this does not mean that the witness could not have been effectively questioned as to the circumstances surrounding his prior extra-judicial identification. The witness' loss of memory at the

**10**

time of trial does not destroy the probative value of the prior identification. *See* State v. Kevil, 111 Ariz. at 246, 527 P.2d at 291.

Therefore, the officer's testimony as to the extra-judicial photograph identification by the store manager was admissible as independent evidence connecting the defendant with the crime.

The defendant's second argument is that it was prejudicial to admit the photograph of the appellant which the store manager had chosen at the extra-judicial photograph line-up. The officer who had shown the witness these photographs testified that the photograph of the appellant was the one which the witness had selected. The defendant argues that the admission of the photograph gave rise to the inference of prior criminal conduct as the picture was a "mug shot" and the officer testified that the photo had been in a different form when shown to the witness.

 The photograph admitted into evidence is a straight on view of the face and shoulders of the defendant. No profile shot of the defendant was attached to this full face view, State v. Moore, 108 Ariz. 215, 218, 495 P.2d 445, 448 (1972), and no numbers were visible below the picture, State v. Cumbo, 9 Ariz.App. 253, 255, 451 P.2d 333, 335 (1969), and no testimony was elicited as to when the picture was taken. The exhibit, which was examined by this court, does not appear exclusively to be a "mug shot" so as to raise the inference in the minds of the jurors that the defendant had been previously arrested.

When the officer was asked the identity of the person in the photograph, he answered that "[t]he record shows I believe it to be of Gary Lee Jackson." At this point, the defendant's counsel moved for a mistrial which motion was denied. The defendant argues that the trial court abused its discretion in not granting this motion because such testimony inferred a prior criminal record. However, in our opinion, a fair interpretation of this testimony is that the police officer was refer-

ring to the records of this particular case rather than to any prior police record. State v. Durham, 111 Ariz. 19, 23, 523 P.2d 47, 51 (1974). In response to whether the photo was among those shown to the witness, the officer testified that it was but "not in [the same] form." The defendant asserts that this unelicited response lead the jury to infer that the front view photo was part of a "mug shot" which had been altered. Once again, the trial judge did not err in denying the defendant's renewed motion for a new trial. State v. Durham, 111 Ariz. 19, 23, 523 P.2d 47, 51 (1974).

From a view of the photo, it is just as likely that the form shown the witness was a full length view with only the head and shoulders remaining in the picture shown to the jury.

For the foregoing reasons, the decision of the Superior Court is affirmed.

HAIRE, C. J., and EUBANK, J., concur.