UNITED STATES of America, Appellee,

v.

Wendell HUDSON, Appellant.

No. 76–2800.

United States Court of Appeals,
Ninth Circuit.

Nov. 28, 1977.

---

Marvin Stender (argued), of Stender, Stender & Weinberg, San Francisco, Cal., for appellant.

Robert D. Ward, Asst. U. S. Atty. (argued), San Francisco, Cal., for appellee.

Before BROWNING and CHOY, Circuit Judges, and THOMPSON,* District Judge.

CHOY, Circuit Judge:

Appellant Wendell Hudson appeals from his jury conviction for armed post office robbery under 18 U.S.C. § 2114. We reverse and remand.

*Facts and Proceedings Below*

On December 31, 1975, a masked man entered an Oakland, California pharmacy which housed a United States Postal Service contract station. He brandished a handgun and proceeded to take approximately $100. Witnesses testified that an undisguised and unarmed man was at the pharmacy during the crime and that one of the two men said "Let's go" to the other before they exited together.

After being identified as the unmasked accomplice by witnesses, Hudson was charged by indictment with having placed the life of a postal clerk in jeopardy by use of a dangerous weapon, in violation of 18 U.S.C. § 2114. Though there was no evidence presented at trial that the unmasked man had a weapon, the prosecution's theory was that Hudson aided and abetted the principal. *See* 18 U.S.C. § 2(a). The jury returned a verdict of guilty, and the district court sentenced him to federal custody for a period of 25 years, with parole eligibility after 3 years.

*Issues and Discussion*

Appellant raises two issues on appeal: (1) that identification testimony from two witnesses should have been excluded as hearsay and that its admission was prejudicial error; and (2) that the district court erred in failing to charge the jury properly with respect to a necessary element of the aggravated robbery offense under § 2114.

### A. Identification Evidence

Appellant's defense was one of alibi, and witnesses on both sides testified as to where Hudson was at the time of the crime. The Government witnesses testified that, while they could not identify appellant in court as the second man allegedly involved in the robbery, they had each earlier selected a photograph of Hudson from a choice of six as "resembling" the second man at the pharmacy. The defense objected to the first witness's testimony as hearsay, though not to the second, and appellant contends here that, in any event, "further objection would have been futile."

We find no error in the admission of the evidence because Federal Rule of Evidence 801(d)(1)(C) expressly provides that the testimony of a declarant testifying at trial and subject to cross examination as to a prior identification of a person after perceiving him is not hearsay. *See DiAngelo v. United States*, 406 F.Supp. 880, 881 (E.D.Pa.1976). Though a prior identification may be equivocal, the jury is entitled to give it such weight as it will after hearing the testimony under direct and cross examination. Rule 801(d)(1)(C) governs admissibility, not sufficiency.

### B. Jury Instruction

Appellant argues that the district court should have instructed the jury that, under this circuit's interpretation of § 2114 in *United States v. Beverley*, 416 F.2d 263, 264–65 (9th Cir. 1969), before it could find that appellant had put the postal clerk's life in jeopardy by the use of a dangerous weapon, it must find that the gun was loaded at the time of the crime. Appellant's reliance on *Beverley* is apparently focused on the court's reference to the "requirement" that, for purposes of convicting under the aggravated post office robbery provision of § 2114, a firearm used in perpe-

---

* Hon. Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

trating the offense must be "a loaded gun as distinguished from an unloaded one that, once loaded, might become dangerous." 416 F.2d at 265.

The district court, rather than giving a *Beverley* instruction, instead charged the jury that jeopardizing the life of a person by a dangerous weapon meant *either* "to expose such a person to a risk of death, *or to the fear of death* [emphasis added]." [1]

The modern line of our authority on this issue can be traced to *Wagner v. United States*, 264 F.2d 524 (9th Cir.), *cert. denied*, 360 U.S. 936, 79 S.Ct. 1459, 3 L.Ed.2d 1548 (1959), where we held that to place lives in jeopardy by the use of a dangerous weapon meant more than merely subjecting the victims to force and fear. 264 F.2d at 530. The test for jeopardy is an objective one, requiring actual danger. *Id., citing United States v. Donovan*, 242 F.2d 61, 62–63 (2d Cir. 1957) (" 'jeopardy' means danger and not fear"). In *Wagner*, however—where, as here, there was no direct evidence that the firearm used was loaded so as to make it "dangerous" within our interpretation of the statute—we reasoned that the trier of fact could nevertheless fairly infer that it was dangerous from the circumstances, 264 F.2d at 530–31 & n.2, a principle from which we have not departed, *see, e. g.,*

*United States v. Jones*, 512 F.2d 347, 351 (9th Cir. 1975); *Little v. United States*, 417 F.2d 912, 916 (9th Cir. 1969); *United States v. DePalma*, 414 F.2d 394, 396 (9th Cir. 1969), *cert. denied*, 396 U.S. 1046, 90 S.Ct. 697, 24 L.Ed.2d 690 (1970); *Evalt v. United States*, 382 F.2d 424, 428 (9th Cir. 1967).[2]

It is clear that appellant was entitled to a jury properly instructed as to the element of objective, actual danger where the "dangerous weapon" was a gun. But, as we have noted before in a different substantive context, "[t]he vice in the instruction given here is that it is impossible to ascertain what the jury did pursuant to it." *Doyle v. United States*, 366 F.2d 394, 400 (9th Cir. 1966). While the jury was given a general inference instruction, it was not instructed that it must find—either from direct evidence or by proper inference—that the gun used in the robbery was a "dangerous weapon" within the meaning of our cases. Moreover, a fair reading of the instruction given leaves the impression, not cured elsewhere after considering the jury charge as a whole, that the jury could convict for armed robbery if it found either actual risk of death or mere fear. It is the possibility that appellant was convicted on the second and clearly improper basis that warrants the reversal of his conviction.[3]

1. The district court instructed the jury that [t]o "put in jeopardy the life" of a person "by the use of a dangerous weapon or device" means then, to expose such person to a risk of death, or to the fear of death, by the use of such dangerous weapon or device. It should be noted that, while the district court also told the jury that
    "[a] dangerous weapon or device" includes anything capable of being readily operated, manipulated, wielded, or otherwise used by one or more persons to inflict severe bodily harm or injury upon another person[,]
an instruction ultimately affirmed by this court in *Beverley*, the charge there was saved by the district court's additional emphasis on the requirement of actual danger, *see* 416 F.2d at 265. It noted that "the term jeopardy means to be in danger *as distinguished from being in fear of danger* or peril to life," *see id.* at 264 n. 2, a qualification absent here.

2. *Jones, Little, DePalma* and *Evalt* all arose under 18 U.S.C. § 2113(d) (aggravated bank robbery), which includes operative language virtually identical to the portion of § 2114 rele-

vant here. *Compare* 18 U.S.C. § 2113(d) ("puts in jeopardy the life of any person by the use of a dangerous weapon or device") *with id.* § 2114 ("puts [a person's] life in jeopardy by the use of a dangerous weapon"). Cases decided under either of these statutes have long been authority for decisions in cases arising under the other.

3. Appellant did not object to the instruction he now argues was erroneous, *see* Fed.R.Crim.P. 30, notwithstanding its inconsistency with a *Beverley* instruction, and thus our review of this issue is governed by the plain error standard, *see* Fed.R.Crim.P. 52(b); *White v. United States*, 394 F.2d 49, 55–56 (9th Cir. 1968); *United States v. Hinderman*, 528 F.2d 100, 102 (8th Cir. 1976). Because we conclude, however, that the instruction allowed for the possibility of conviction on an improper basis, which, in turn, subjected the appellant to the substantially enhanced and mandatory penalty for the aggravated offense under § 2114, we hold that the error was plain and manifestly prejudicial to substantial rights. *See, e. g.,*

■ The cause is remanded to the district court with instructions to vacate the sentence imposed upon the appellant but without prejudice to the rights of the Government to try him anew. The district court may, however, after hearing from both parties and with the consent of the Government, .enter a judgment of conviction for robbery without the use of a dangerous weapon if the court deems such course to be in the interests of justice. *See United States v. Crutchfield*, 547 F.2d 496, 502 (9th Cir. 1977).

REVERSED and REMANDED.

*United States v. Bagby*, 451 F.2d 920, 927 (9th Cir. 1971); *Doyle, supra* at 401–02; Perkins v. United States, 315 F.2d 120, 123–24 (9th Cir.), *cert. denied*, 375 U.S. 916, 84 S.Ct. 201, 11 L.Ed.2d 155 (1963).