MILLER, ROBERT P., Associate Judge.
This is an appeal from an order of the Circuit Court of Orange County withholding adjudication of guilt and placing defendant on probation for the crime of sexual battery.
The victim, a twelve-year-old girl, reported that she was sexually battered on October 3, 1976. Two months later, she saw appellant walking down the street and identified him as her assailant.
Over objection, the mother and father of the victim were permitted to testify to certain of her statements. The mother was allowed to testify that when the daughter arrived home after the incident in a disheveled, frightened condition, she told her “that a boy had pulled her off her bicycle and had taken her clothes down.” The father was allowed to testify to his daughter’s identification of the appellant when they happened to pass him on the street two months after the incident.
The victim was present and testified at the trial to both the attack and her subsequent identification of appellant.
The parties in their briefs restrict their argument to whether or not such testimony would fall into either the res gestae exception to the hearsay rule or the rules relating to the admissibility of prior consistent statements to rebut impeachment evidence implying recent fabrication. However, since the testimony in each instance is clearly admissible for other reasons it is not necessary for this court to determine its admissibility as a prior consistent statement or as a res gestae statement.
The testimony of the mother was in effect the child’s reporting of a sex crime immediately after the event. Such a report has long been recognized as admissible in evidence by the courts of this state. Our Supreme Court in Ellis v. State, 25 Fla. 702, 6 So. 768 (1889), in a rape case, stated:
The female outraged should seek the first opportunity to complain, and the fact that she does complain goes to the jury as evidence. ...
The court in that case went on to hold, however, that the detailed circumstances of the offense were not admissible under such rule. For recent decisions see Irvin v. State, 66 So.2d 288, 294 (Fla.1953); Gray v. State, 184 So.2d 206 (Fla. 2d DCA 1966); Thomas v. State, 220 So.2d 638 (Fla. 3d DCA 1969); and Purdy v. State, 343 So.2d 4 (Fla.1977). As additional authority for and explanation of the admissibility of such statement, see 3 Underhill’s Criminal Evidence § 758 (5th Ed. 1957); also 2 Wharton’s Criminal Evidence § 313 (13th Ed. 1972).
The testimony of the father which appellant contends was hearsay was her identification of appellant in his presence. Such testimony of a person who witnesses an extra-judicial identification of the accused by a victim is admissible when the victim is present, testifies at the trial and is subject to cross-examination by the accused. State v. Freber, 366 So.2d 426 (Fla.1978). See also 5 West’s Florida Practice § 801.1 (1977) and cases cited therein. Although not controlling of this case, it should be noted that this rule has been codified into the new evidence code. See § 90.801(2)(c), Fla.Stat. (1979).
Appellant having failed to demonstrate error, the order of the trial court placing the appellant on probation is affirmed.
COBB and UPCHURCH, JJ., concur.