## Commonwealth v. Colosimo

*Rita Donovan Hathaway,* assistant district attorney, for the Commonwealth.
*Cheryl Peck,* for defendant.

ACKERMAN, *J.*, February 13, 1991—Defendant, George Colosimo Jr., who was convicted of driving under the influence of alcohol and homicide by vehicle while driving under the influence along with related motor vehicle violations, has filed a motion for a new trial contending (1) that the Commonwealth violated the rules pertaining to discovery, and (2) that the jury verdicts on the various counts were logically inconsistent. Because I find defendant's contentions to be without merit, defendant's post-trial motions will be denied.

The failure to comply with the criminal rules pertaining to discovery is a problem that is frustratingly all too frequent. Prior to trial, defendant filed a pretrial motion seeking the disclosure of among other things, any scientific evidence which the Commonwealth might produce at trial. Pa.R.Crim.P. 305(B)(1)(e). The rule provides:

"B. Disclosure by the Commonwealth.

"(1) *Mandatory:* In all court cases, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case. The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

"(e) results or reports of scientific tests, expert opinions, and written or recorded reports of polygraph examinations or other physical or mental examinations of the defendant, which are within the possession or control of the attorney for the Commonwealth[.]"

Defendant was accused of being the driver of a car which struck the rear portion of a tractor-trailer truck which was proceeding in the same direction on

Route 30. The Commonwealth contended that defendant was under the influence of alcohol at the time, and that a passenger, Lorrie Roach, was killed in the crash. The Commonwealth presented evidence that defendant fled the scene and hid in the woods for over an hour prior to his arrest, but defendant contended while he had driven the car extensively earlier in the day that, because of his intoxication, he became a passenger and an unidentified acquaintance of Ms. Roach was operating the car at the time of the accident. At the scene a bloodhound handler, Pierre DeFelice, ran a sterile gauze pad over the steering wheel of the car; and from the scent on the pad, his dog "identified" defendant. Since defendant admitted to having driven the car earlier in the day, he might have thought that his scent on the steering wheel was not inconsistent with his defense. At trial, however, when the Commonwealth made an offer as to what Mr. DeFelice would testify to, the assistant district attorney indicated to defense counsel for the first time that Mr. DeFelice would testify from his expertise that the dog was able to identify not just anyone who may have touched the steering wheel, but the last person to have touched it. As mentioned earlier, defendant's motion requested any scientific evidence to be produced by the Commonwealth, and the fact that the witness could interpret his dog's response so narrowly as to identify the last person to touch the wheel was never mentioned. How a bloodhound assimilates and distinguishes scents and reacts to them would certainly qualify as scientific evidence and would fall within the scope of defendant's discovery request. The Commonwealth, therefore, had an obligation under the rule to make the disclosure, which it subsequently made at trial,

in advance of trial. The fact that the expert, Mr. DeFelice, did not prepare a written report did not relieve the Commonwealth of its obligation to disclose the information. Where an expert's opinion is orally conveyed to the Commonwealth's attorney, she is under an obligation to advise defense counsel at least orally of the opinion prior to trial where an appropriate discovery request has been made. *Commonwealth v. Kelly,* 365 Pa. Super. 28, 528 A.2d 1346 (1987). The Commonwealth's response is that because Mr. DeFelice's name appeared in a police report as a person identifying defendant, defense counsel was aware of his identity and hence had the means and opportunity to contact Mr. DeFelice prior to trial. The Commonwealth's contention must be rejected, for if it were embraced, the discovery rules would become meaningless. The rule compels the prosecution to provide this type of information, and it cannot meet its obligation by giving the defense clues or partial information or telling defense counsel how she might get it on her own. Defendant's objection to the evidence was well taken, and it was error for me to overrule it.

The inquiry does not end here, however, for defendant is entitled to relief only if the defense was prejudiced by the Commonwealth's non-compliance with Rule 305 so as to deny him a fair trial. *Commonwealth v. Starks,* 304 Pa. Super. 527, 450 A.2d 1363 (1982). The lack of prejudice cannot be presumed, and the failure to make the required disclosure under the rule requires a new trial unless the court concludes that the non-disclosure was harmless beyond a reasonable doubt. *Commonwealth v. Floyd,* 508 Pa. 393, 498 A.2d 816 (1985).

We should note that when the objection was raised (N.T. 243), the defense sought neither a

recess and a continuance nor a mistrial. The brief submitted in support of post-trial motions raises three claims of prejudice: (1) had the disclosure been made prior to trial, defendant may have elected not to testify; (2) defendant may have decided not to proceed on with the trial (I presume this means he would have elected to plead guilty); and (3) the defendant's counsel was denied the opportunity to investigate the reliability of such evidence. Defendant's brief 6-7. I can say that beyond a reasonable doubt defendant was not prejudiced by the Commonwealth's breach of the discovery rule. First, there is no correlation between the wrong and defendant's Fifth Amendment rights. If defendant had elected not to testify, how would that have changed anything? Defendant's testimony was completely exculpatory, he was not questioned about the canine identification, nor did he have the expertise to answer such questions had they been asked. Had he elected not to testify, his defense only would have been weaker. Had he elected to avoid trial by pleading guilty, he would have had a conviction as he does now; and finally, although seven months have passed since the trial, there is no suggestion in defendant's brief that defense counsel has uncovered any scientific evidence that would have refuted the theory advanced by the Commonwealth that the dog could distinguish the last scent from the earlier ones.

The second issue raised by defendant is that a new trial should be awarded because of inconsistencies in the verdicts rendered as to the various counts. This contention is without merit since the Pennsylvania rule is that inconsistencies in verdicts do not afford a ground for relief. *Commonwealth v. Carter,* 444 Pa. 405, 282 A.2d 375 (1971). Defendant's invi-

tation to follow a contrary minority rule adopted by some other states is declined.

## ORDER OF COURT

And now, February 13, 1991, defendant's motions for post-trial relief are denied, and defendant is directed to appear before the court for sentencing on Thursday, February 28, 1991, at 2 p.m.